## No. 10,338.

### ANNA GOSSIGI ET AL. VS. CITY OF NEW ORLEANS ET ALS.

1. The power to regulate the sale of *fruits* is conferred by the Legislature upon the City Council of New Orleans, quite as clearly as that of the sale of vegetables and fish. Both are within their dominion and control, and their regulation is within their legislative discretion.

APPEAL from the Civil District Court for the Parish of Orleans. *Voorhies,* J.

*Sambola & Ducros* for Plaintiffs and Appellees.

*Carleton Hunt,* City Attorney ; *Thos. McC. Hyman,* Assistant City Attorney, and *Frank N. Butler,* for Defendants and Appellants.

Gossigi et al. vs. City et als.

The opinion of the Court was delivered by

WATKINS, J. The several plaintiffs—Anna Gossigi, Antonio Marcoluso, Louis Fernia and Vincenzo Marcido—residing at different localities in this city, are engaged in the daily sale of meats, fish, *fruits* and vegetables, admittedly within six squares of different public markets of the city, and clearly within the terms and provisions of an act of the Legislature, and an ordinance of the city, prohibiting the exercise of such a calling within that limit.

They sued out an injunction, restraining the city from interfering with their business, and based it on the ground that their business is legitimate, and carried on in a clean and healthy manner; but that, notwithstanding it is so conducted and carried on, the City Council of New Orleans passed and promulgated Ordinance No. 4798, A. S., whereby petitioners are prohibited from carrying on same within six squares of any public market of said city.

They represent that said ordinance was not passed in the exercise of the police power of the State, to protect health, or any public interest, for the reason that there was not, and does not now exist any reason, in a sanitary point of view, or otherwise, why this business should thus be prohibited, but that it was simply passed to carry out a contract with Henry Larquie, representing himself and other persons in the lease of the public markets of New Orleans, at an exorbitant price, by closing petitioners' business, with others, and driving them into the public markets to enhance their revenues. "That said council can only regulate and not prohibit, and thus create a monopoly in favor of the public market lessees."

The petitioners then make this averment, viz:

"That in furtherance of said purpose, Henry Larquie has leased all the public markets of the City of New Orleans, under a contract and agreement with said city, by which said city has bound herself to him to close the sale of all fruits, vegetables and oysters within three squares of any public market, in consideration of the sum of $185,000 *per annum*, for three years, and that, under the contract made under said ordinance, said Henry Larquie, lessee, assisted by said city, is enforcing said contract by the arrest, and fine or imprisonment of petitioners, for carrying on their said business * * without any authority, and in violation of the Constitution of the State, by creating a monopoly in favor of said city and Henry Larquie, lessee, in the sale of the marketable commodities mentioned; and by, also, depriving them of their property, and the destruction of their liberty, and equal rights to pursue their business,

and live, as others doing the same business, and which is, likewise, in violation of the Constitutions of the State and of the United States."

The prayer of their petition is that the city and Henry Larquie, lessee, be enjoined and prohibited from interfering with, or preventing them from carrying on their said business *at the places and localities specified*.

Henry Larquie, lessee, took a rule on the plaintiffs, for various reasons set out in his motion, to show cause why the injunction should not be dissolved as to him; and among the causes assigned was that of "no cause of action." Subsequently, counsel for the plaintiffs, *on their own motion*, caused the injunction to be "dissolved and set aside as to Henry Larquie, one of the defendants, without any prejudice to any rights said defendant may have in the premises."

The city, in her answer, avers that each one of the plaintiffs "are carrying on business as private marketmen, and engaged in dealing in vegetables, fruits and other comestibles, contrary to law and the ordinances of the City of New Orleans — more especially the Act of the Legislature known as Act No. 100 of 1878, and the ordinances of the City of New Orleans respectively designated and identified by the numbers 4798, Administration series, and 2024, Council series.    *    *    * That plaintiffs, each and all, persist in disobeying the said laws, defying the authority of the City of New Orleans, and that the said plaintiffs and their sureties should be condemned in damages, etc."

On the trial there was judgment in favor of the city dissolving plaintiffs' injunction, and decreeing the respective plaintiffs to remove their places of business beyond the radius of six squares from any and all public markets, and to discontinue any business such as they have been "carrying on, *except that of selling fruits*."

From this judgment the city prosecutes this appeal.

As the case now stands, with Henry Larquie left out, we have nothing to do, and cannot deal with the contract the city is alleged to have made with him as lessee of the public markets, nor with any of the grants or concessions the City Council is alleged to have made to him; and there is no other question in the case except the one as to whether private markets for the sale of *fruits* can be lawfully kept within a radius of six squares of a public market.

We can see no reason why the sale of *fruits* should not come within the dominion of the City Council, quite as well as that of vegetables, or fish. Over ripe or partially decayed fruits are certainly quite unwholesome, and should not be allowed to be sold at all, as they are very dangerous to the health of the populace, if used in such condition.

The power conferred upon the City Council in respect to the *regula-*

*tion* of private markets, is within their discretion, and it is practically unlimited, for the act of the legislature provides "that the City Council of the City of New Orleans be and they are hereby authorized and empowered to make such arrangements and *pass such ordinances for the government and regulation of private markets* in the City of New Orleans *as they, in their discretion, may deem proper*, and that they be vested with full power to provide for the enforcement of their said ordinances." Section 2 of Act 100 of 1878.

In the exercise of their discretion the City Council enacted Ordinance No. 4798, A. S., which provides "that private markets for the sale of meats, fish, vegetables, *fruit* and other comestibles may be opened and kept in any portion of the City of New Orleans not within a radius of six squares, etc."

Thus, it is quite plain that the City Council intended to exercise its discretionary power in respect to the sale of *fruits*, quite as well as in reference to fish and vegetables, and has placed them all in the same category and assigned to them precisely the same limits. Of course, in passing this ordinance, they intended it to be a regulation of the trade in the articles specified, and had in view the management and conduct of such a business or calling in any part of the city. It does not matter, in the least, that plaintiffs' business or calling was perfectly legitimate, and conducted in a clean and healthy manner. Its control is clearly within the competency of the City Council, and they had the undoubted authority to enact the ordinance restricting the pursuance of such a calling within the limits designated.

We are cited to Act No. 116 of 1888 as having repealed Act No. 100 of 1878, above quoted. That is true, but the former re-enacted, in terms, the provisions of the latter, which are given *supra*. The only material alteration it makes is with reference to the distance from public markets, within which private markets may be established. That act is quite sufficient to continue the provisions of Ordinance No. 4798, A. S., in full force and efficacy.

That part of the judgment which excepts the sale of *fruits* from the operation and effect of the law and ordinance of the city is erroneous and must be amended.

It is, therefore, ordered and decreed that the judgment appealed from be so-amended as to reject the plaintiffs' demands *in toto*, and to dissolve their injunction at their costs in both courts.